# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ELFEGO P. VALDEZ JR.,

    Plaintiff,

v.                                                                          No. CV 18-444 CG

ANDREW SAUL,
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER AUTHORIZING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff Elfego P. Valdez' *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 21), filed August 9, 2019. Defendant Commissioner Andrew Saul did not file a response to Plaintiff's Motion and the time for doing so has now passed. In the Motion, Plaintiff's attorney, Michael D. Armstrong, moves the Court for an order authorizing attorney fees in the amount of $22,497.13 for legal services rendered before the Court. (Doc. 21 at 1). Plaintiff states he conferred with Defendant Commissioner prior to filing his Motion and Defendant "takes no position on this Motion at [the] time of filing." *Id.* at 2. Having reviewed the Motion, the relevant law, and being otherwise fully advised in the premises, the Court finds Plaintiff's Motion is well-taken and shall be **GRANTED**.

**I.**     **Procedural Background**

Plaintiff instituted an action in this Court on May 11, 2018, seeking judicial review of the Commissioner's denial of his applications for disability insurance benefits and supplemental security income. (Doc. 1). On November 19, 2018, this Court granted Plaintiff's request for relief, and remanded the case to the Commissioner for further

proceedings. (Docs. 18). Plaintiff's attorney was subsequently awarded attorney fees in the amount of $5,748.60 pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 20).

Upon remand, Defendant Commissioner determined Plaintiff was disabled, entered a fully favorable decision, and awarded Plaintiff past-due benefits in the amount of $113,988.50. (Doc. 21 at 1-2, 4). Defendant Commissioner advised Plaintiff on July 30, 2019 that $28,497.13 was being withheld from Plaintiff's total-benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(B). *Id.* at 2. Plaintiff's attorney explains that pursuant to an offset under the Treasury Offset Program, 32 U.S.C. § 3716(c)(3)(B) (2006), he never received any EAJA fees for his work performed on this case. *Id.* Plaintiff's attorney now seeks an award of $22,497.13, approximately 20% of the total past-due benefits awarded to Plaintiff, for his work before the Court. *Id.* at 5.

## II.   Analysis

When a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both the EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934. The court may award fees under § 406(b) when "the court remands a . . . case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v.*

*Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006).

Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Gisbrecht*, 535 U.S. at 807. Section 406(b) also requires the court to act as "an independent check" to ensure that fees are reasonable even if they are less than 25 percent of past-due benefits, because there is no presumption that 25 percent is reasonable. *Id.* at 807, n.17. Counsel has the burden of demonstrating the reasonableness of the fees. *Id.* at 807.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (i) whether the attorney's representation was substandard; (ii) whether the attorney was responsible for any delay in the resolution of the case; and (iii) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-contingency fee cases. *Id.* The statute does not specify a deadline for requesting fees. *See* 42 U.S.C. § 406(b). The Tenth Circuit Court of Appeals, however, has held that a request "should be filed within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505.

In this case, the Court finds that Mr. Armstrong's representation of Plaintiff was more than adequate. First, Mr. Armstrong obtained a fully favorable decision for Plaintiff upon remand. Next, the instant motion was filed within two months of Plaintiff receiving notice that he was entitled to past-due benefits, an amount of time the Court finds to be

3

reasonable. (Doc. 21-1, Ex. A). Moreover, the requested fee for services performed in connection with this case is within the 25-percent cap imposed by § 406(b). The requested fee is also not disproportionately large in comparison to the amount of time spent on the case, given Mr. Armstrong's experience working on Social Security cases. (Doc. 21-1, Ex. E).

Specifically, Mr. Armstrong documented 28.6 total hours in representing Plaintiff before this Court. (Doc. 21-1, Ex.C). Awarding Mr. Armstrong the requested $22,497.13 would result in an hourly fee of $787 for work performed before this Court. Considering Mr. Armstrong's experience and reputation in Social Security representation, and the fact that this fee award is within the range of other fee awards authorized in this District under § 406(b), the Court finds that the fee requested is reasonable. *See, e.g.*, *Salazar v. Berryhill*, Civ. 14-283 KRS (Doc. 30) (awarding $19,442.25 for 27.42 hours, or $709.05 per hour); *Bigsby v. Colvin*, Civ. 12-1207 CG (Doc. 31) (awarding $21,839.00 for 37.33 hours, or $585.03 per hour); *Gallegos v. Colvin*, Civ. 12-321 SMV (Doc. 32) (awarding $10,000.00 for 16.2 hours, or $617.28 per hour); *Montes v. Barnhart*, Civ. 01-578 BB/KBM (Docs. 19, 22) (awarding $10,000 for 14.25 hours, or $701.75 per hour).

### III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum*, (Doc. 21), is **GRANTED**. The Social Security Administration is therefore directed to pay Plaintiff's counsel $22,497.13 for legal services performed before this Court.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE